IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Nolan Craft,                                    Case No. 4:11 CV 2668

        Petitioner,                    MEMORANDUM OPINION
                                             AND ORDER
      -vs-
                                             JUDGE JACK ZOUHARY
Robert Farley,

        Respondent.

## INTRODUCTION

*Pro se* Petitioner Nolan Craft filed this action for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1). Petitioner is in federal custody at the Elkton, Ohio Federal Correctional Institution serving an 84-month sentence for possession with intent to distribute crack in violation of 21 U.S.C. § 841(a)(1). Petitioner challenges his sentence, alleging actual innocence, and that the length of his sentence is unsupported by the amount of crack he actually possessed. For the reasons set forth below, Petitioner's Writ is denied.

## BACKGROUND

Petitioner was sentenced in the United States District Court for the Southern District of West Virginia in 2009. Petitioner does not dispute the facts leading to his arrest. In August 2005, police officers from the Huntington Police Department were conducting a search in an unrelated matter when they observed a large bag drop from Petitioner's buttocks. The bag contained seven individually wrapped plastic bags, each filled with a substance later identified as crack cocaine -- 12.13 grams in total. Petitioner pled guilty, admitting both ownership of the bag and the amount of crack in his possession (Doc. No. 1-1 at 2).

Petitioner alleges he was sentenced under a base offense level of 32, which corresponds to the possession of 150 to 500 grams of crack (Doc. No. 1 at 5). Because Petitioner only possessed 12.13 grams, and other mitigating factors were present, he argues the proper offense level should have been 17 which, along with his criminal history score of III, would have resulted in a sentence of 30–37 months. Petitioner contends his 84-month sentence violated the Sentencing Guidelines.

## STANDARD OF REVIEW

Although Petitioner has filed his Writ under 28 U.S.C. § 2241, this Court must analyze the Writ under 28 U.S.C. § 2255 because it is a challenge to his federal sentence. Pursuant to Rule 4(b) of the Rules Governing Section 2255 Cases, this Court must undertake a preliminary review of a habeas petition to determine whether "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." If so, the petition must be dismissed. *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (holding district courts have a duty to "screen out" petitions lacking merit on their face under Section 2243). Because Petitioner is appearing *pro se*, the allegations in his Petition must be construed in his favor, and his pleadings are held to a less stringent standard than those prepared by counsel. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001).

## ANALYSIS

Under Section 2255, only the sentencing federal court may entertain a habeas petition filed by a person in federal custody, and only on the ground his sentence was "imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."

2

In rare cases, a petitioner may challenge the legality of his sentence under 28 U.S.C. § 2241, but "only if the petitioner can show that 'the remedy by motion [pursuant to 28 U.S.C. § 2255] is inadequate or ineffective to test the legality of his detention.'" *Bannerman v. Snyder*, 325 F.3d 722, 723 (6th Cir. 2003) (quoting Section 2255). This is known as the "savings clause" which is only applicable if the petitioner makes a claim of actual innocence. *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003). Importantly, "[a] challenge to a sentence based on *Apprendi* cannot be the basis for an actual innocence claim . . . ." *Bannerman*, 325 F.3d at 724.

Here, Petitioner's only claim for actual innocence is based on *Apprendi* (Doc. No. 1 at 4). Thus, he cannot proceed under Section 2241 to challenge his sentence. To challenge his sentence, Petitioner must proceed under Section 2255 and must file his Writ in the court which sentenced him -- in this case, the Southern District of West Virginia.

## CONCLUSION

For the forgoing reasons, the Petition is denied and this action is dismissed pursuant to 28 U.S.C. § 2243. Further, this Court certifies there is no basis on which to issue a certificate of appealability because Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253.

IT IS SO ORDERED.

   s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

March 15, 2012